**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colony Insurance Company, | No. CV-21-01964-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| JK Farm Labor LLC, et al., | |
| Defendants. | |

Pending before the Court is a motion to dismiss ("MTD") filed by JK Farm Labor, LLC ("JK") and Edgardo Gerardo-Acosta (collectively, "Defendants"). (Doc. 14.) The Motion is fully briefed, (*see* Docs. 17; 18.), and the Court held oral argument on August 29, 2022. Having considered the parties' briefing and arguments, as well as the relevant caselaw, the Court will deny the Defendants' MTD for the reasons explained below.

**I.   BACKGROUND**

Colony Insurance Company ("Plaintiff") issued a commercial farming and ranching policy ("Policy") to JK, which supplies farm labor like tractor and forklift drivers. (Doc. 14 at 1–3.) JK supplied its employee, Acosta, to drive tractors for RDO Equipment Co. ("RDO"). (Doc. 1 at 3 ¶¶ 10, 13.) In September 2019, Acosta was driving a tractor on a public road, on RDO's behalf, when the tractor collided with an oncoming vehicle. (Doc. 1 at 3 ¶¶ 15–18.) The other driver, Cesar Salcedo, filed a lawsuit in Yuma Superior Court against Acosta, RDO, and JK, alleging negligence, gross negligence, and negligent entrustment. (Doc. 1 at 1–2, 4 ¶ 21.)

In October 2020, JK gave notice to Plaintiff that it sought defense and indemnity under the Policy for Defendants. (Doc. 1 at 4 ¶¶ 22–23.) Plaintiff wrote to Defendants the following month, stating Plaintiff would accept the tender of Acosta's defense but that a $25,000 sublimit of liability applied to Salcedo's claims. (Doc. 1 at 7 ¶ 29.) Thus, Plaintiff told Defendants that their defense or indemnity coverage would end upon exhaustion of the $25,000 sublimit. (Doc. 1 at 7 ¶ 29.)

Plaintiff filed this lawsuit in November 2021, seeking declaratory relief that the $25,000 sublimit is valid and enforceable and that JK "must reimburse [Plaintiff] for the costs that [Plaintiff] incurred over and above" $25,000. (Doc. 1 at 8–9 ¶¶ 1–4.) Defendants moved to dismiss Plaintiff's complaint under the abstention doctrine. (Doc 14 at 1.) Defendants thus urge the Court to "exercise its discretion to decline jurisdiction of this case so that the issues presented can be determined by the Arizona courts." (Doc. 14 at 3.)

## II.     LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Abstention is thus permissible only in limited circumstances. *United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001).

Defendants contend the Court has the discretion to abstain under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). In *Brillhart*, the Supreme Court held "it would be uneconomical as well as vexatious for federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. But the pendency of a state court action does not preclude declaratory relief in federal court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). The factors from *Brillhart* should guide a district court's discretion in declaratory judgment cases. *Gerdes v. GEICO Indem. Co.*, No. CV-10-2165-PHX-GMS, 2011 WL 649046, at *1 (D. Ariz. Feb. 11, 2011). Under those factors, a district court should: (1) "avoid needless determination of state law issues;" (2) "discourage

litigants from filing declaratory actions as a means of forum shopping;" and (3) "avoid duplicative litigation." *Dizol*, 133 F.3d at 1225 (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991)) (overruled on other grounds by *Dizol*).

### III. DISCUSSION

The Court does not find abstention appropriate here. Defendants assert that they seek to determine whether JK's "reasonable expectations of coverage under Arizona state law" is inconsistent with the Policy's sublimit. (Doc. 14 at 2.) Specifically, Defendants claim the state court action will address JK's alleged lack of control over Acosta—Defendants contend "no reasonable insured in the business of leasing employees would expect their coverage to be diminished or lost over conduct by a lent employee whom they had no ability to control." (Doc. 14 at 6.)

#### A. Needless Determination of State Law Issues

Defendants contend abstention is appropriate because this case involves a needless determination of state law issues, namely insurance coverage and the reasonable expectations doctrine. A needless determination of state law "may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." *757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 330 F.Supp.3d 1153, 1162 (D. Ariz. 2016) (quoting *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F.Supp.2d 1121, 1142 (D. Haw. 2010) (internal quotation marks omitted)). Insurance coverage is generally a state law issue that warrants a state court's adjudication. *See GEICO Gen. Ins. Co. v. Tucker*, No. CV-13-02072-PHX-GMS, 2014 WL 1713766, at *2 (D. Ariz. Apr. 30, 2014). However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Declaratory judgment actions based on insurance coverage therefore involves a district court's routine exercise of diversity jurisdiction. *Diamond State Ins. Co. v. Red's Blue Goose Saloon Inc.*, No. CV-11-145-BLG-RFC, 2012 WL 1898641, at *2 (D. Mont. May 23, 2012).

Defendants argue this factor favors abstention because they wish to raise an issue of first impression in Arizona, namely an insured's reasonable expectations of coverage when the insured does not "read, write, or speak" the same language as the policy. (Doc. 14 at 8.) While Arizona courts may not have addressed Defendants' identical arguments, the Court disagrees that they introduce an issue of first impression. Arizona's reasonable expectations doctrine is well developed. *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 283 (Ariz. 1987) ("Arizona courts will not enforce even unambiguous boilerplate terms in standardized insurance contracts in a *limited* variety of situations.") (emphasis in original). More importantly, there is no parallel state court action that will resolve the parties' current controversy. *See Tucker*, 2014 WL 1713766, at *2 ("[A] determination in this Court would not be needless because there is a controversy between the parties that will not be resolved by any other pending proceedings.") For these reasons, the Court finds that the first *Brillhart* factor weighs in favor of retention.

### B. Forum Shopping

Defendants contend Plaintiff's decision to file in federal court "alone creates an inference of forum shopping." (Doc. 14 at 7.) The Court, and relevant caselaw, rejects that contention. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (forum shopping is not apparent simply because one party prefers state resolution and the other prefers federal resolution). The goal of this *Brillhart* factor is to prevent "reactive" litigation—such as an insurer filing a federal declaratory action "during the pendency of a non-removable state court action presenting the same issues of state law." *Devs. Sur. and Indem. Co. v. Coyote Creek Constr. Inc.*, No. CV-20-00914-PHX-SRB, 2021 WL 1930270, at *6 (D. Ariz. Jan. 11, 2021) (quoting *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 976 (9th Cir. 2011)) (internal quotation marks omitted).

Plaintiff is not a party to the state court lawsuit, nor will that lawsuit settle the insurance coverage issue Plaintiff raised. Plaintiff's lawsuit is a consequence of its insured being sued by Salcedo, but Plaintiff's suit is not reactive "in the sense that it is trying to obtain some sort of undue advantage." *Id.* (citing *757BD LLC*, 330 F.3dSupp.3d at 1166).

The Court finds this factor weighs in favor of retention and that no inference of forum shopping can be made.

### C. Duplicative Litigation

The Court finds the third *Brillhart* factor weighs in favor of retention, or is at least neutral, because Defendants concede this lawsuit is not duplicative of the state court action. (Doc. 18 at 4.)

### D. Other Factors

The parties primarily focus on the *Brillhart* factors, which the Court has found to favor retention. The Ninth Circuit has identified additional factors for courts to consider when weighing whether to retain jurisdiction. *See Dizol*, 133 F.3d at 1225 n.5. These factors include: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought for purposes of procedural fencing or to obtain a res judicata advantage; (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience to the parties; and (6) the availability and relative convenience of other remedies. *Id.*

#### 1. Settle All Aspects of the Controversy

This litigation will not settle all aspects of the controversy because a determination of the Defendants' liability is pending in state court. Only the effects of the sublimit will be resolved by this Court. This factor thus weighs against retention.

#### 2. Useful Purpose in Clarifying the Legal Relations at Issue

This litigation will serve a useful purpose in clarifying Plaintiff's obligation to defend or indemnify Defendants in state court. If Plaintiff proves, or Defendants disprove, the allegations, then this action will clarify Salcedo's sources of recovery if he prevails in state court. This factor weighs in favor of retention.

#### 3. Procedural Fencing or a Res Judicata Advantage

Defendants admit they do not know whether Plaintiff filed its complaint for

procedural fencing but then posit "[p]erhaps [Plaintiff] thought it was preempting the . . . Defendants from filing their own declaratory action in state court." (Doc. 14 at 10.) Defendants offer only mere speculation that Plaintiff may have sought to obtain a procedural or res judicata advantage. Plaintiff is not a party to Salcedo's state court action and therefore needed to file a separate lawsuit to resolve its coverage dispute with Defendants. Plaintiff's preference to file in federal court does not alone indicate an effort to obtain a procedural advantage. This factor weighs in favor of retention.

### 4. Entanglement Between the Federal and State Court Systems

Defendants argue that retention will lead to an unnecessary entanglement of the federal and state court systems because the cases involve the overlap of a core issue: JK's "control" over Acosta. Defendants assert that JK's control over Acosta is integral to the issue of vicarious liability and to JK's reasonable expectations of coverage under the Policy. Defendants further assert that retention will force them to litigate this issue on two fronts and potentially lead to conflicting findings. (Doc. 14 at 6–7.) The Court agrees with Defendants that an entanglement between the federal and state court systems may occur if Plaintiff establishes it is no longer responsible for Defendants' defense in the state court action. This factor thus weighs against retention.

### 5. Convenience to the Parties

Defendants argue that defending themselves in federal court is inconvenient. Though that may be true, Plaintiff would have been similarly inconvenienced had it or Defendants filed a comparable lawsuit in state court. In both instances, Defendants would have had to defend itself in more than one lawsuit. The Court finds this factor favors retention.

### 6. Availability and Relative Convenience of Other Remedies

Defendants correctly note that Plaintiff could have filed this action in state court under Arizona's Declaratory Judgments Act. *See* A.R.S. § 12-1831. But the Court is not convinced that an alternative remedy is more available or convenient. This factor favors retention.

## IV. CONCLUSION

The Court concludes that the *Brillhart* and *Dizol* factors cumulatively favor retention of this action. Therefore,

**IT IS ORDERED** denying the Defendants' MTD as described above. (Doc. 14.)

Dated this 7th day of September, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge